UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN MOTORISTS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>AMERICAN RE-INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. C-05-5202 CW (EMC)<br><br>**SECOND ORDER RE DISCOVERY DISPUTES** |

Discovery disputes in the above-referenced case have been referred to the undersigned. Currently pending before the Court are seven discovery motions. This order memorializes the rulings made by the Court at the hearing on April 25, 2007.

A.  <u>Defendant's Motion for Protective Order for Deposition of Richard Murphy (Docket No. 31); Plaintiff's Motion to Compel Richard Murphy to Appear for Deposition (Docket No. 46)</u>

Both Defendant's motion and Plaintiff's motion are **DENIED** without prejudice. However, the Court hereby orders Defendant to produce to Plaintiff any documents that embody or reflect the alleged guideline or policy at issue. Such documents may be produced pursuant to a protective order (for attorney's eyes only, if necessary) and shall be produced by May 16, 2007. If, after reviewing the documents, Plaintiff believes that the deposition of Mr. Murphy is still necessary, then the parties should meet and confer to determine whether they can reach an agreement. If not, the parties should file a joint letter to the Court discussing their respective positions on the deposition.

B.  <u>Defendant's Motion for Protective Order and Motion to Quash (Docket No. 36); Plaintiff's Motion for Order to Show Cause re Contempt for Refusal of Bruce Winkelman to Appear for Subpoenaed Deposition (Docket No. 50)</u>

Defendant's motion is **DENIED**. Mr. Winkelman shall appear for a deposition. The deposition shall take place by May 16, 2007, and shall be limited to five (5) hours. The subject matter of the deposition shall also be limited. Plaintiff shall not be permitted to ask any questions about Mr. Winkelman's representation of Defendant in this current litigation. Plaintiff may ask only questions about his "historic" involvement in the Parsons case. Plaintiff may ask Mr. Winkelman about communications he had with Plaintiff's representatives in connection with that case. Plaintiff may not ask any questions that would invade Defendant's attorney-client privilege or that delve into Mr. Winkelman's internal thought processes which were not communicated to Plaintiff's representatives.

In light of the above, Plaintiff's request for an order to show cause regarding contempt is moot. The deposition shall be completed by May 16, 2007.

C.  <u>Plaintiff's Motion to Determine Sufficiency of Responses (Docket No. 53); Plaintiff's Motion to Compel Defendant to Provide Further Responses to Rogs and to Produce Documents (Docket No. 56)</u>

Plaintiff's motions are moot. The parties have reached agreement regarding the issues in the two motions, including their dispute with respect to RFP No. 10.

///
///
///
///
///
///
///
///
///

2

D. <u>Defendant's Motion to Compel Further Responses to Privilege Log and Answers to Interrogatories, Set 3, and RFPs, Set 2 (Docket No. 78)</u>

The dispute regarding the privilege log is moot. With respect to the interrogatories and RFPs, the Court orders the parties to further meet and confer. The discovery requests do encompass relevant information but, as worded, are overbroad. If this dispute is not resolved, the parties will file by May 16, 2007 a brief joint letter summarizing their last positions.

IT IS SO ORDERED.

Dated: April 26, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge