IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN MOTORISTS INSURANCE COMPANY,  No. C 05-5202 CW
an Illinois corporation, as
successor-in-interest to Specialty
National Insurance Company, an         ORDER
Illinois corporation,

      Plaintiff,

  v.

AMERICAN RE-INSURANCE COMPANY, a
Delaware corporation,

      Defendant.
                                     /

The parties in this case have submitted[1] their pretrial papers. In its trial brief, Defendant American Re-Insurance Company (American Re) argues that Plaintiff American Motorists Insurance Company's (AMICO) declaratory relief claim "can be decided by dispositive pre-trial motion."[2] In effect, Defendant

---

[1] The parties submitted their papers on November 2 and November 5, 2007 but have not responded to the clerk's notices regarding their failure to e-file the papers. As those notices state, failure to e-file documents in a case designated for electronic filing may result in the imposition of monetary or other sanctions on a daily basis.

[2] Defendant also suggests that this issue can be decided by the Court in a "miniature bench trial." However, as Plaintiff points out, the resolution of a conflict between the ambiguous language of

proposes that it be allowed to file a further motion for summary judgment just one week before the pretrial conference and nearly three months after the cut-off for case dispositive motions.

Plaintiff opposes and argues that it is has a right to have a jury decide this claim. Plaintiff argues that "the construction of the reinsurance contract at issue, can only be made with a resolution of conflict between contradictory extrinsic evidence, presenting a question of fact to be decided by the jury." Plaintiff's Trial Brief at 2. In particular, Plaintiff notes that it intends to introduce correspondence with Defendant from shortly before the reinsurance contract at issue in this case was executed that shows that Plaintiff had a reasonable expectation that the claim at issue in this case was covered by its own policy.

Despite Defendant's lack of diligence in seeking to resolve the case through dispositive motions, the Court cannot overlook the potential for significant conservation of judicial resources. As Defendant argues, if the Court were to rule in its favor on Plaintiff's claim for declaratory judgment, a jury would not need to reach the remaining causes of action. If the Court finds that the contract language is ambiguous and that there is a triable question of fact regarding the interpretation of the contract in light of the parole evidence submitted by Plaintiff, the case can proceed to trial as scheduled.

For the foregoing reasons, Defendant shall file a further motion for summary judgment by Friday, November 9, 2007; Plaintiff

---

a contract and conflicting parol evidence is a question of fact.

2

shall file an opposition by Friday, November 16, 2007; and Defendant shall file a reply by Monday, November 19, 2007 at 5:00 PM.  All other dates in this case, including the pretrial conference scheduled for Tuesday, November 13 at 2:00 PM, shall remain as currently set.

    IT IS SO ORDERED.

Dated: 11/7/07

CLAUDIA WILKEN
United States District Judge