of questions of fact and weighing of conflicting evidence.

Plaintiff argues that the above cited provisions in the American Re agreement "clearly and unambiguously provided AMICO with the right to settle claims when AMICO made a final determination that the claims or suits were covered by the AMICO policies reinsured by American Re."[3] Plaintiff's Opposition and Cross-Motion at 2.  In attempting to establish that the claims are covered, Plaintiff merely argues that "on October 5, 2003, SNIC made a determination based on its investigation of the Parsons claim that a Montana court would rule that the SNIC certificate provided coverage for the Parsons lawsuit."[4]  Opposition and Cross-Motion at 8.  In making this argument, Plaintiff essentially repeats its "follow-the-fortunes" theory, arguing that it is entitled to settle cases under the contract, there is no evidence that it settled the Parsons claim in bad faith and, therefore, Defendant is obliged to reimburse it for the settlement.  This is not enough.

Nonetheless, the Court notes that the exhibits filed in support of Plaintiff's motion, including the three lawyers' opinions and the MLRs prepared by SNIC, demonstrate that a triable

---

[3] Much of Plaintiff's argument is focused on its right to settle claims.  However, even if it is entitled to settle claims, it remains that Defendant agrees to indemnify Plaintiff only "against losses or damages which [Plaintiff] is legally obligated to pay."  Craig Decl., Ex. C.

[4] Plaintiff also argues that, even absent an obligation to "follow the settlements," it need only demonstrate that it was at least potentially liable on the underlying claim.  Plaintiff's Opposition and Cross-Motion at 4.  However, as noted above, in order to prevail at trial, Plaintiff must establish that it actually was liable.

11

question of fact exists regarding whether the Parsons claim was covered by the SNIC certificate. Therefore, the Court denies Defendant's motion for summary judgment. At the same time, Plaintiff's cross-motion for summary judgment is based on the mistaken argument that Defendant bears the burden of establishing that "a Montana Court would rule that the Parsons Claims would not be covered." Opposition and Cross-Motion at 15. As discussed above, Plaintiff bears the burden of establishing that it was liable for the Parsons claim based on the SNIC certificate. Therefore, the Court denies Plaintiff's cross-motion.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for summary judgment (Docket No. 142) and DENIES Plaintiff's cross-motion for summary judgment (Docket No. 148).[5] The case will proceed to jury trial as scheduled on Monday, November 26, 2007.

IT IS SO ORDERED.

Dated: 11/21/07

CLAUDIA WILKEN
United States District Judge

---

[5] Plaintiff's motions to strike evidence and argument are DENIED as moot (Docket Nos. 161, 162). The Court did not rely on any improper or inadmissible evidence in deciding the parties' motions for summary judgment.

12